USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/15/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

Plaintiff,

-against-

ESOR MANAGEMENT LLC, et al.,

Defendants.

25-CV-06469 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiff Federal National Mortgage Association filed this foreclosure action on August 6, 2025, against Defendants ESOR Management LLC, Jack Ndreu, the New York City Environmental Control Board ("ECB"), and John Does #1 through #21. Dkt. No. 1. The action concerns a mortgage on property located at 265 East 176th Street, Bronx, New York (the "Property"), which secures a loan in the principal amount of $3,908,000 that has allegedly been in default since March 1, 2025. *Id.* ¶ 1. Plaintiff is the current holder of the mortgage loan. *Id.* ¶¶ 3, 33. Pending before the Court is Plaintiff's motion for default judgment against the ECB. Dkt. No. 29. ECB has neither appeared in this action nor submitted any opposition to the motion. For the reasons set forth below, Plaintiff's motion for default judgment as to ECB is GRANTED.

"Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004). Rule 55 "sets forth a two-step process for entry of default judgment against a party who fails to defend: (1) the entry of default, which formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff, and (2) the entry of a default judgment, which converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled." *Wells Fargo Bank, Nat'l Ass'n v. Prince 26, LLC*, No. 22-CV-05586 (PAE) (OTW), 2023 WL 5152420, at *9 (S.D.N.Y. Aug. 10, 2023).

Step one, the entry of default, is a ministerial step to be performed by the Clerk of Court. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). The Court bears responsibility for step two, the entry of default judgment. *Id.* Before entering default judgment, "the district court is required to determine whether [the plaintiff's] allegations establish [the defendant's] liability as a matter of law," "accept[ing] as true all of the factual allegations in the complaint" and "drawing inferences in the non-defaulting party's favor." *Wells Fargo*, 2023 WL 5152420, at *10. The district court should also consider whether the non-appearing defendants had notice of the suit and an opportunity to be heard. *CIT Bank, N.A. v. Neris*, No. 18-CV-01511, 2019 WL 6334894, at *3 (S.D.N.Y. Nov. 1, 2019).

Plaintiff served the ECB on August 12, 2025. *See* Dkt. No. 7. As of the filing of this Order, ECB has not appeared in this case, let alone answered or otherwise responded to the Complaint. Therefore, at Plaintiff's request, *see* Dkt. Nos. 18 & 19, the Clerk of Court issued a Certificate of Default as to ECB on October 24, 2025. Dkt. No. 22. Thus, Plaintiff has satisfied the first step of Rule 55's two-step process.

The Court finds that Plaintiff has also established ECB's liability as a matter of law. Under New York Real Property Actions and Proceedings Law ("N.Y. RPAPL") § 1311, "the necessary parties to a mortgage foreclosure action include: '[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff.'" *OneWest Bank, NA v. Raghunath*, No. 14-CV-03310 (RJD) (MDG), 2015 WL 5772272, at *3 (E.D.N.Y. Sept. 8, 2015), *report and recommendation adopted*, 2015 WL 5774784 (E.D.N.Y. Sept. 29, 2015) (citing N.Y. RPAPL § 1311(3)). In the case of a non-mortgagor defendant, "entry of default judgment pursuant to Rule 55 is appropriate where the complaint alleges 'nominal liability,' – *i.e.*, any judgments or liens a defendant may have against the property are subordinate to the plaintiff's lien." *Id.* Courts apply a heightened pleading standard for municipal defendants, like the ECB, to determine whether Plaintiff has established nominal liability. *Gustavia Home, LLC v. Lawrence*, No. 16-CV-04010, 2017 WL 4404434, at *4 (E.D.N.Y. June 22, 2017), *report and recommendation adopted*, 2017 WL 4402448 (Oct. 2, 2017). This standard requires the complaint to allege "[d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making such city a party-defendant." N.Y. RPAPL § 202-a(1).

Plaintiff represents that the ECB holds various open judgments against the Property and that ECB's interest in the Property accrued subsequent to, and is subject and subordinate to, Plaintiff's mortgage lien. Dkt. No. 30 at 6; *see also* Dkt. No. 31 ¶ 30.[1] Plaintiff pleads a violation description, date, and penalty amount for each of the violations issued by the ECB, *see* Dkt. No. 1 ¶ 60, which sufficiently shows the particular nature of the ECB's interest in the Property and that these unpaid ECB liens were docketed after Plaintiff's mortgage loan was recorded against the Property on November 15, 2019. *See Fed. Nat'l Mortg. Ass'n v. 204 Ellery St., LLC*, No. 23-CV-05343 (ENV) (RML), 2025 WL 1309875, at *14 (E.D.N.Y. Mar. 6, 2025). Because Plaintiff has established that the ECB's liens are subordinate to the lien of the mortgage being foreclosed, it is entitled to a default judgment against the ECB.[2]

[1] Plaintiff notes that "[t]hree of the [ECB] liens were docketed against the Property prior to the recording of Plaintiff's consolidated mortgage lien," and that these liens are "mostly but not entirely junior to Plaintiff's consolidated mortgage lien because Plaintiff's mortgage lien consolidates multiple pre-existing mortgages." Dkt. No. 30 at 6–7. At closing of title, the Sale Referee shall determine what portion of the overall consolidated mortgage debt is senior to any lien of the ECB and make payment accordingly.

[2] The Court has confirmed that Plaintiff's allegations reflect the results of a search on the NYC CityPay website, and takes judicial notice that the ECB violations listed as of June 25, 2026 have changed and now total $16,539.53 for the Property. NYC CityPay, https://a836-citypay.nyc.gov/citypay/ecb [https://perma.cc/5AT5-GTFG] (last accessed June 25, 2026). *See Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) (finding that a court may take judicial notice of "documents retrieved from official government websites" or other government records from such sites).

Accordingly, Plaintiff's motion for default judgment against the New York City Environmental Control Board is GRANTED. Plaintiff shall serve this Order upon ECB and file an affidavit reflecting such service on the docket by July 22, 2026.

The Clerk of Court is respectfully directed to enter judgment accordingly and terminate the motion pending at Dkt. No. 29.

Dated: July 15, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE